KIENNE v. ANDERSON, *Garnishee.*

1. RECORD: EVIDENCE. The Supreme Court will not reverse a cause upon the ground that the verdict below was not sustained by the evidence when all the evidence is not presented in the record.
2. PRACTICE IN GARNISHMENT. Under § 3270 of the Revision of 1860, if issue is not taken upon the answer of a garnishee at the same term at which it is filed, the garnishee is entitled to notice before further proceedings are had; but such notice is unnecessary where there is a voluntary appearance either in person or by attorney.

*Appeal from the Dubuque District Court.*

MONDAY, OCTOBER 13.

*Hodgden & Covell* for appellant.

*Burt, Angel & Lyon* for appellee.

WRIGHT, J. — Plaintiff had judgment against one Jackson and garnished Anderson as the debtor of said judgment defendant. Issue was taken upon the answer of the garnishee, which was submitted to a jury, and determined in favor of plaintiff. From the bill of exceptions it appears that Jackson held a judgment against Logan & Fleming, which he authorized his attorneys to assign to Anderson in trust for certain judgment creditors of him, the said Jackson. The attorneys made the assignment, showing that it was for the benefit, among others, of the present plaintiff. A portion of this judgment was collected and paid to the trustee, for which he gave a receipt — " which receipt," to use the language of the record, " was offered in evidence." We find no such paper in the transcript, however. The point most relied upon for reversal is, that the evidence offered did not justify the verdict. Whether it did or not, we cannot determine, without having the testimony all before us. This is an elemental principle in an appellate tribunal, and only needs to be stated. That a portion of the testimony is omitted, and especially a paper of such manifest importance as this receipt, precludes the examination of the point made.

It is urged, however, that a new trial should have been granted, because defendant's attorney neglected his defense and he ( defendant) did not know that issue had been taken on his answer.

Our opinion is, that under § 3270, of Revision, where the issue is not taken upon an answer at the same term it is filed, the garnishee is entitled to notice. But such notice is unnecessary where he makes a voluntary appearance in person, or by attorney. The record shows that in this case the garnishee did appear by attorney at the time of trial. That this attorney neglected the defense, so far as to justify the court in setting aside the verdict and granting a new trial, there is no showing whatever. We have only to add

that while it is not improbable that this judgment may work a hardship to appellant, we cannot disturb it without violating what we regard as well-settled principles.

Affirmed.